# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JORGE OQUENDO,**

                **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:13-cv-302-Orl-18DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR EAJA ATTORNEY'S FEES (Doc. No. 28)**
>
> **FILED:** October 23, 2013
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff's application for fees and costs follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).

    Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A).

Applied here, Plaintiff's counsel seeks $5,326.08, based upon an adjusted hourly rate of $186.99, for 28.50 hours of time expended in this matter. The motion indicates that the parties have agreed that "after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Plaintiff represents that its EAJA request is unopposed.

Counsel avers that the rates were calculated by factoring in the statutory rate of $125.00 per hour and adjusting for a cost of living increase based on the Consumer Price Index. *See Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate). Upon review of the supporting papers filed by Plaintiff, the Court finds the number of hours to be high; however, as the Commissioner has agreed to this amount, the Court **recommends** allowance of the fee award of $5,326.08, as appropriate under the EAJA.

With respect to the agreement regarding acceptance of the tendered assignment and payment of any EAJA award directly to counsel, any agreement between the parties as to payment of the judgment is outside the purview of the judgment, and the parties may make whatever collection arrangements that they wish. For present purposes, the Court should decline to order the government to reimburse counsel directly. *See Astrue v. Ratliff*, 560 U.S.586, 130 S. Ct. 2521, 177 L.Ed. 2d 91 (2010) (EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

It is therefore **respectfully recommended** that the motion be **granted**, and the Clerk be **directed** to enter judgment in favor of Plaintiff accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 24, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy